# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES E. JOLES, | C.A. No.: 19-613 |
| *Plaintiff*, | |
| v. | **TRIAL BY JURY DEMANDED** |
| CITY OF MILFORD, <br> MAYOR ARTHUR J. CAMPBELL, <br> Mayor of the City of Milford, and <br> KENNETH L. BROWN, Chief of <br> Police of the Milford Police <br> Department, | **AMENDED COMPLAINT** <br> **and PETITION FOR WRIT OF** <br> **MANDAMUS** |
| *Defendants*. | |

COMES NOW, Plaintiff James E. Joles, by and through his attorneys, Schmittinger & Rodriguez, P.A., and complains pursuant to 42 U.S.C. § 1983 of a violation of his right to due process under the Fourteenth Amendment to the United States Constitution, Article I, section 7 of the Delaware Constitution, and 11 *Del. C.* § 9200 *et seq.*, Delaware's Law Enforcement Officer's Bill of Rights ("LEOBOR") when being deprived of his property interest in employment, and further petitions this Court for a Writ of Mandamus directing the City of Milford to reinstate him to his position as a sworn police officer with the City of Milford Police Department with back pay. In support thereof, Plaintiff states as follows:

**The Parties**

1. Plaintiff James E. Joles ("Plaintiff") is a resident of Delaware who resides at 321 Waterway Drive, Frederica, Delaware 19946.

2. At all times relevant to this action Plaintiff was employed by Defendant City of Milford ("Milford") as a sworn police officer.

3. The City of Milford is a municipality organized pursuant to title 22 of the Delaware Code and may be served through its chief executive, Mayor Arthur J. Campbell, at 201 South Walnut Street, Milford, DE 19963.

4. Defendant Mayor Arthur J. Campbell ("Mayor Campbell"), Mayor of the City of Milford, is named in his official capacity as Mayor and may be served at 201 South Walnut Street, Milford, DE 19963.

5. Chief Kenneth L. Brown ("Chief Brown"), Chief of Police for the Milford Police Department, is named in his official capacity as Chief of Police and may be served at 400 NE Front Street, Milford, DE 19963.

**Jurisdiction and Venue**

6. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's property right in his employment without due process in violation of the Fourteenth Amendment to the United States Constitution, Article I, section 7 of the Delaware Constitution, and Delaware's LEOBOR as codified at 11 *Del. C.* § 9200 *et seq.*, and to seek a Writ of Mandamus directing the City of Milford to reinstate Plaintiff to his position as a sworn police officer with the City of Milford Police Department with back pay.

7. This Court has jurisdiction of an action claiming a violation of 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction of the related state law claims pursuant to 28 U.S.C. 1367.

8. Venue is proper under 28 U.S.C. § 1391(b) as all parties to the action reside in this judicial district and all events giving rise to the claims asserted herein occurred in this judicial district.

## Factual Background

9. Plaintiff was hired by the Milford Police Department on or about August 1, 2017.

10. Plaintiff's employment was subject to a union contract between the City of Milford and General Teamsters Local 326 which covered all full-time officers at or below the rank of sergeant.

11. Plaintiff was placed on probationary status for a period of nine months as a new hire with a current Delaware Police Certification.

12. An employee may be dismissed for reasons of performance during the probationary period; however, disciplinary cases shall be subject to the Law Enforcement Officer's Bill of Rights.

13. The Chief of Police, upon the recommendation of the Field Training Supervisor, may extend the probationary period for a maximum of six months.

14. Plaintiff was twice disciplined during his initial probationary period, once for failing to turn on his body cam, and another for failing to handcuff a juvenile prisoner to a bench at the police department.

15. As a result of these violations, Plaintiff's probationary period was extended for approximately three months.

16. The Milford Police Department failed to provide a written evaluation of Plaintiff's performance every thirty days listing areas where Plaintiff needed improvement in order to satisfactorily complete the probationary period.

17. On or about August 10, 2018, Sergeant Dwight Young ("Sgt. Young") of the Milford Police Department submitted written information to the Milford Police Department regarding alleged misconduct by Plaintiff on July 25, 2018.

18. The written information provided by Sgt. Young was submitted on a form titled "Milford Police Department Associates Complaint."

19. Sgt. Young was directed by the Administrative Staff to submit the information on an Associates Complaint form in order to pass the information on to Internal Affairs.

20. Sgt. Young specifically stated that he was not using the form for the purpose of filing an actual associate's complaint on a subordinate.

21. On August 13, 2018, Lieutenant Richard L. Jefferson ("Lt. Jefferson") submitted a "Notice of Complaint of Misconduct" to Chief Kenneth L. Brown, Chief of Police for the Milford Police Department ("Chief Brown") which stated, "the above complaint was received by Sgt. Dwight Young on the date indicated."

22. On August 13, 2018, Chief Brown sent an Acknowledgement of Complaint Chief's Directions to Lt. Jefferson directing that an internal investigation be completed, and a detailed report be provided within 30 days.

23. On or about August 13, 2018, Chief Brown notified Plaintiff of an investigation into alleged misconduct that had taken place on July 25, 2018.

24. On August 15, 2018, Plaintiff was advised that punishments ranging from suspension to termination could be imposed for the charges related to the alleged misconduct that was being investigated.

25. On August 15, 2018, Lt. Jefferson provided Plaintiff with a Garrity Warning advising Plaintiff of his right to a hearing for the alleged misconduct pursuant to title 11, chapter 92 of the Delaware Code.

26. On or about August 15, 2018, Plaintiff was notified that he was suspended without pay from the Milford Police Department pending the end of the aforementioned investigation.

27. The effective date of the suspension was August 14, 2018.

28. Plaintiff was not provided an opportunity for a hearing within three working days of the suspension to determine whether to continue the suspension, and if continued, to determine whether the suspension should continue with or without pay.

29. On September 7, 2018, Lt. Jefferson completed his internal investigation.

30. On September 24, 2018, Plaintiff was notified that the internal investigation was completed.

31. On September 24, 2018, Plaintiff was presented with a form on which he elected that a Law Enforcement Officer's Bill or Rights ("LEOBOR" as codified at 11 *Del. C.* § 9200 *et seq.*) hearing be scheduled.

32. On October 2, 2018, Chief Brown drafted a letter to Plaintiff stating that a hearing before a Disciplinary Hearing Board would convene on October 24, 2018 at 1000 hours.

33. On October 4, 2018, Lt. Jefferson certified that he personally served the letter drafted by Chief Brown on Plaintiff's attorney and mailed the letter via United States mail to Plaintiff.

34. The scheduled date for the hearing was more than thirty (30) days following the conclusion of the internal investigation.

35. Scheduling a hearing date more than thirty (30) days following the conclusion of the internal investigation is a violation of 11 *Del. C.* § 9204.

36. On October 9, 2018, the Criminal Justice Council notified Chief Brown that it had empaneled a three-person Trial Board pursuant to 11 *Del. C.* § 9205(b).

37. On October 12, 2018, Chief Brown informed Plaintiff that Plaintiff's employment with the Milford Police Department was terminated immediately due to poor performance and repeated lapses in judgment while still on probation.

38. During the probationary period, an employee may be dismissed from employment for reasons of performance; however, disciplinary cases are subject to the Law Enforcement Officer's Bill of Rights.

39. Plaintiff's performance was not poor during his probationary period.

40. Plaintiff did not suffer from repeated lapses in judgment during his probationary period.

41. Plaintiff's termination for poor performance and repeated lapses in judgment was pretextual and intended to mask the true reasons for Defendant City of Milford's actions, i.e. retaliation for a previous Associates Complaint filed by Plaintiff against Sergeant Timothy Lord of the Milford Police Department, realization that the LEOBOR hearing notice was defective, and realization that the disciplinary case against Plaintiff was not strong.

42. Plaintiff has been unable to secure employment in his chosen field due to his termination from the Milford Police Department.

43. **After his termination Plaintiff applied to several police departments in Delaware, including but not limited to the South Bethany Police Department, Selbyville Police Department, New Castle City Police Department, Town of Camden Police Department, Greenwood Police Department, City of Dover Police Department, Delaware River and Bay Authority Police Department, and Capitol Police Department.**

44. **Plaintiff met or exceeded the hiring requirements for each Department.**

45. **Plaintiff later learned that questionable allegations surrounding his termination were being discussed in the law enforcement community.**

46. **Plaintiff also learned through friends at various police departments that he was being investigated for a Brady violation for dishonesty which would effectively prevent him from securing employment as a police officer.**

47. **As Plaintiff was completing the hiring process with the Capitol Police Department, he was interviewed and advised he would be moving to the background portion of the hiring process. After turning in his background packet and being scheduled for a polygraph test, Plaintiff met with Detective Rodriguez-Diaz. Detective Rodriguez-Diaz informed Plaintiff that all polygraphs were being cancelled and that Plaintiff was not being taken out of the hiring process. Detective Rodriguez-Diaz also informed Plaintiff that he was friends with Chief Brown of the Milford Police Department. Plaintiff learned from an acquaintance who was also in the hiring process with the Capitol Police Department that his polygraph was not cancelled. Plaintiff received a letter a few weeks later stating Plaintiff was no longer being considered for the position.**

### COUNT I – VIOLATION 41 U.S.C. § 1983
### Due Process

~~43.~~ **48.** Plaintiff restates and hereby incorporates by reference paragraphs 1 through hereinabove.

~~44.~~ **49.** Plaintiff has a constitutionally protected property right in his employment with the Milford Police Department.

~~45.~~ **50.** Plaintiff was terminated from his position as a sworn police officer without due process as required by the Fourteenth Amendment to the United States Constitution, Article I, Section 7 of the Delaware Constitution, and LEOBOR as codified at 11 *Del. C.* § 9200 *et seq.*

46. 51. Plaintiff's dismissal occurred while his hearing pursuant to LEOBOR was pending.

47. 52. By committing the aforementioned acts, Defendants deprived Plaintiff of a constitutionally protected interest in violation of 42 U.S.C. § 1983.

48. 53. As a direct result of the wrongful conduct of the Defendants, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants for:

    a.    Back pay, including interest;

    b.    Reinstatement, if feasible, or in the alternative, front pay;

    c.    Compensatory damages including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    d.    Pre-judgment and post-judgment interest;

    e.    Attorney fees; and

    f.    Any other relief that this Court deems just.

## COUNT II – FIRST LEOBOR VIOLATION

49. 54. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 48 hereinabove.

50. 55. Defendants violated Plaintiff's right to due process under the Fourteenth Amendment to the Constitution of the United States, and Article I, Section 9 of the Delaware Constitution, and Delaware's LEOBOR as codified at 11 *Del. C.* § 9200 *et seq.* by suspending Plaintiff without pay and without a hearing.

~~51.~~ **56.** Defendants violated Plaintiff's right to due process under the Fourteenth Amendment to the Constitution of the United States, and Article I, Section 9 of the Delaware Constitution, and Delaware's LEOBOR as codified at 11 *Del. C.* § 9200 *et seq.* by failing to hold a hearing three working days of the suspension to determine whether to continue the suspension, and if continued, to determine whether the suspension should continue with or without pay.

~~52.~~ **57.** Plaintiff has been and will continue to be prejudiced by Defendants deprivation of his rights under LEOBOR.

~~53.~~ **58.** Plaintiff has suffered and will continue to suffer economic loss and damage to his reputation as a direct and proximate result of Defendants deprivation of his rights under Delaware's LEOBOR.

WHEREFORE, Plaintiff prays for the issuance of a Writ of Mandamus directing Defendants to perform their duties as required by their office pursuant to 11 *Del. C.* § 9200 *et seq.*, including but not limited to the following:

    a.    Immediate restoration of Plaintiff James E. Joles to his position as a sworn police officer with the City of Milford with backpay and benefits, such restoration to be at Plaintiff's prior pay, benefits, status and rank that existed at the time of his termination;

    b.    Removal of all documents relating to the internal investigation and allegations leading to the internal investigation from the personnel file and records of the City of Milford, including files of the Milford Police Department and Plaintiff's personnel file;

    c.    Such further relief as this Honorable Court deems appropriate, including but not limited to an award of costs and attorney's fees.

**COUNT III – SECOND LEOBOR VIOLATION**

~~54.~~ **59.** Plaintiff restates and hereby incorporates by reference paragraphs 1 through 53 hereinabove.

~~55.~~ **60.** Defendants violated Plaintiff's right to due process under the Fourteenth Amendment to the Constitution of the United States, and Article I, Section 9 of the Delaware Constitution, and Delaware's LEOBOR as codified at 11 *Del. C.* § 9200 *et seq.* by terminating Plaintiff's employment without a hearing.

~~56.~~ **61.** Plaintiff has been and will continue to be prejudiced by Defendants deprivation of his rights under 11 *Del. C.* § 9200 *et seq.*

~~57.~~ **62.** Plaintiff has suffered and will continue to suffer economic loss and damage to his reputation as a direct and proximate result of Defendants deprivation of his rights under Delaware's LEOBOR.

WHEREFORE, Plaintiff prays for the issuance of a Writ of Mandamus directing Defendants to perform the duties required by their office pursuant to 11 *Del. C.* § 9200 *et seq.*, including but not limited to the following:

    a.    Immediately restore Plaintiff James E. Joles to his position as a sworn police officer with the City of Milford with backpay and benefits, such restoration to be at Plaintiff's prior pay, benefits, status and rank that existed at the time of his termination;

    b.    Remove all documents relating to the internal investigation and allegations leading to the internal investigation from the personnel file and records of the City of Milford, including files of the Milford Police Department and Plaintiff's personnel file;

    c.    Such other and further relief as this Honorable Court deems appropriate, including but not limited to costs and attorney's fees.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: */s/ Gary E. Junge*_____
    Gary E. Junge, Esquire
    Bar I.D. # 6169
    414 South State Street
    P.O. Box 497
    Dover, DE  19903
    (302) 674-0140
    Attorney for Plaintiff

Dated:  June 6, 2019