**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAMES E. JOLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 1:19-cv-00613-CFC |
| v. | ) |
| | ) |
| CITY OF MILFORD, MAYOR ARTHUR J. | ) |
| CAMPBELL, Mayor of the City of Milford, | ) |
| and KENNETH L. BROWN, Chief of Police | ) |
| of the Milford Police Department, | ) |
| | ) |
| Defendants. | |

## OPENING BRIEF IN SUPPORT OF DEFENDANTS CITY OF MILFORD, MAYOR ARTHUR J. CAMPBELL, and KENNETH L. BROWN MOTION TO DISMISS THE COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)

**MARGOLIS EDELSTEIN**

  */s/ Helene Episcopo*
Herbert W. Mondros, Esquire (DE #3308)
Helene Episcopo, Esquire (DE #6406)
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 888-1112– Telephone
(302) 888-1119 – Facsimile
hmondros@margolisedelstein.com
hepiscopo@margolisedelstein.com

*Attorneys for Defendants*

ADMITTED PRO HAC VICE

Michael Miller, Esq.
MARGOLIS EDELSTEIN
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19107

# TABLE OF CONTENTS

Page

I.   NATURE AND STAGE OF PROCEEDINGS .................................................................1

II.  SUMMARY OF ARGUMENT .......................................................................................1

III. STATEMENT OF FACTS ............................................................................................2

III. ARGUMENT .................................................................................................................3

    A.   Standard Of Review .............................................................................................3

    B.   Count I of the Amended Complaint Should be Dismissed in its Entirety ..............5

        1.   To the Extent Plaintiff Alleges A Federal Substantive Due Process
            Claim it Must Be Dismissed ..................................................................5

        2.   Plaintiff's Federal Due Process Claim Under 42 U.S.C. § 1983
            Must Be Dismissed ..............................................................................6

        3.   Defendants Enjoy Qualified Immunity From Plaintiff's Suit....................10

        4.   Defendant City of Milford is Immune from Plaintiff's Section
            1983 Claim...........................................................................................13

    C.   Count II and Count III Should Be Dismissed In Their Entirety ...........................14

        1.   Count II of Plaintiff's Amended Complaint Should be Dismissed
            For Failure to State a Claim for Which Relief Can Be Granted ...............14

        2.   Count III of Plaintiff's Amended Complaint Should be Dismissed
            For Failure to State a Claim for Which Relief Can Be Granted ...............16

        3.   Defendants Are Entitled to Qualified Immunity On Count II and
            Count III...............................................................................................16

V.   CONCLUSION.............................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

Alequine v. Baker, 2011 U.S. Dist. LEXIS 38775, at *5 (D. Del. Apr. 11, 2011) ........................ 8

Alvin v. Suzuki, 227 F.3d 107 (3d Cir. 2000) .................................................................. 7, 8, 9

Anderson v. Creighton, 483 U.S. 635 (1987) ......................................................... 10, 11, 12, 17

Ashcroft v. Iqbal ..................................................................................................................... 4

Bailey v. City of Wilmington, 1997 U.S. Dist. LEXIS 18941 (D. Del. Nov. 19, 1997) ......... 7, 13

Bd. Of Regents State Colleges v. Roth, 408 U.S. 564 (1972) ....................................................... 7

Bell Atlantic Corporation v. Twombly ................................................................................... 4

Cleveland Bd. Of Educ. V. Loudermill, 470 U.S. 532 (1985) ......................................... 8, 15, 16

Crist v. Lewes, 1999 U.S. Dist. LEXIS 4391 (D. Del. Mar. 24, 1999) ..................................... 11

Curley v. Klem, 499 F.3d 199 (3d Cir. 2007) .................................................................... 10, 17

DeNinno v. Municipality of Penn Hills, 269 F. Appx. 153 (3D Cir. 2008) ................................ 16

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) ......................................................... 4

Grant v. City of Pittsburgh, 98 F.3d 116 (3d Cir. 1996) ........................................................... 12

Harlow v. Fitzgerald, 457 U.S. 800 (1982) ...................................................................... 10, 17

Hedges v. United States, 404 F.3d 744 (3d Cir. 2005) ............................................................... 4

Hill v. Borough of Kutztown, 455 F.3d 225 (3d Cir. 2006) ................................................... 6, 7

Jones v. City of Wilmington, 299 F.Supp.2d 380 (D. Del. 2004) ............................................... 13

Kost v. Kozakiewicz, 1 F.3d 176 (3d Cir. 1993) ......................................................................... 3

Martinez v. Delaware Dep't of Homeland Sec./Div. of the State Police, 2019 U.S. Dist. LEXIS

    42415 (D.Del. Mar. 15, 2019) ................................................ 6, 7, 8, 10, 11, 14, 16,17

McDaniels v. Flick, 59 F.3d 446 (3d Cir. 1995) ........................................................................ 8

Monell v. Department of Social Services, 436 U.S. 658 (1978) ................................................. 13

Naples v. New Castle Cnty., 2015 Del. Super. LEXIS 161 (Del. Super. Mar. 30, 2015) ............. 8

Nicholas v. Pennsylvania State Univ., 227 F.3d 133 (3d Cir.)) ................................................... 6

Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) ............. 10

Smith v. Department of Pub. Safety, 1999 Del. Super. LEXIS 458 (Del. Super. Oct. 26, 1999)

    ............................................................................................................. 8, 15, 16

**Statutes**

11 *Del. C.* § 9200 ...................................................................................................... 5

11 *Del. C.* § 9203 ................................................................................................... 9, 15

42 U.S.C. § 1983 ...................................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 4

## I.  NATURE AND STAGE OF PROCEEDINGS

On April 1, 2019, Plaintiff, James Joles ("Plaintiff"), filed a Complaint against Defendants The City of Milford ("Milford"), Arthur J. Campbell, Mayor of the City of Milford ("Mayor Campbell"), and Kenneth L. Brown, Chief of Police of the Milford Police Department ("Chief Brown") (collectively Defendants). The Complaint alleged claims under 42 U.S.C. § 1983 based on failure to provide due process prior to deprivation of a property interest; and makes claims under the Delaware Law Enforcement Bill of Rights ("LEOBOR"). Plaintiff filed an Amended Complaint on June 6, 2019 alleging the same. Defendants move to dismiss the Amended Complaint pursuant to Federal Rule 12(b)(6).

## II.  SUMMARY OF ARGUMENT

1.  Count I of Plaintiff's Amended Complaint should be dismissed in its entirety as it fails to state a claim under 42 U.S.C. § 1983 for violations of substantive due process.

2.  Count I of Plaintiff's Amended Complaint should be dismissed in its entirety as it fails to state a claim under 42 U.S.C. § 1983 for violations of procedural due process.

3.  Count I of Plaintiff's Amended Complaint should be dismissed against Defendants Chief Brown and Mayor Campbell as they are afforded qualified immunity.

4.  Count I of Plaintiff's Amended Complaint should be dismissed against Defendant City of Milford as the City of Milford is a municipality immune from suit under section 1983.

5.  Count II of Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted because Plaintiff's procedural due process claim under LEOBOR fails as matter of law.

6. Count III of Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted because Plaintiff's procedural due process claim under LEOBOR fails as matter of law.

7. Count II and Count III should be dismissed against Defendants Chief Brown and Mayor Campbell as they are afforded qualified immunity.

## III.    STATEMENT OF FACTS[1]

Assuming, for purposes of the instant motion, the truth of the allegations in the Amended Complaint, Plaintiff's case may be summarized as follows:

The instant matter arises out of Plaintiff's employment with the Milford Police Department. Am. Compl., at ¶ 2. Plaintiff began his employment with the Milford Police Department on or about August 1, 2017. Id. at ¶ 9. Plaintiff's employment was subject to a union contract between the City of Milford and General Teamsters Local 326. Id. at ¶ 10. While employed, Plaintiff was on probationary status for a period of nine months, which was extended for an additional three months Id. at ¶¶ 11-15.  Per the Collective Bargaining Agreement between the City of Milford and General Teamsters Local 326, an employee may be dismissed for reasons of performance during the probationary period. Id. at ¶ 12.

Plaintiff contends that August 10, 2018, Sergeant Dwight Young ("Sgt. Young") of the Milford Police Department submitted written information to the Milford Police Department regarding alleged misconduct by Plaintiff on July 25, 2018. Id. at ¶ 17. Plaintiff subsequently alleges that on August 13, 2018, Lieutenant Richard L. Jefferson (Lt. Jefferson) submitted a "Notice of Complaint of Misconduct" to Chief Brown. Id. at ¶ 21. On or about August 13, 2018,

---

[1] Defendants set forth the relevant facts as alleged in Plaintiff's Amended Complaint for purposes of this Motion to Dismiss only, and reserve the right to respond to and deny all facts and allegations if the instant Motion is denied.

Plaintiff states that Chief Brown notified Plaintiff of an investigation into alleged misconduct that had taken place on July 25, 2018. Id. at ¶ 23. Plaintiff avers that on August 15, 2018, he was advised of his right to a hearing for the misconduct pursuant to the Law Enforcement Officers Bill of Rights ("LEOBOR", codified in 11 Del. C. § 9200). Am. Compl. at ¶ 25.

Plaintiff states that on August 15, 2018, he was notified that he was suspended without pay, effective August 14, 2018, pending the end of the investigation. Id. at ¶ ¶ 26, 27. Plaintiff claims that on or about September 24, 2018, Plaintiff was notified that the investigation was completed, and he contends that he elected a LEOBOR hearing. Id. at ¶ 31. Plaintiff asserts that he was subsequently notified that a hearing before the Disciplinary Hearing Board would convene on October 24, 2018. Id. at ¶ 32.

Plaintiff claims that he was terminated on October 12, 2018 due to poor performance and repeated lapse in judgment, unrelated to Plaintiff's Internal Investigation. Id. at ¶ 37. Plaintiff acknowledges, during the officer's probationary period, pursuant to the CBA, an employee may be dismissed from employment for reasons of performance, while disciplinary cases are subject to LEOBOR. Id. at ¶ 10, 11, 12, 38.

Plaintiff contends that his performance was not poor during his probationary period nor did he suffer from repeated lapse of judgment Id. at ¶ 39, 40. Plaintiff claims that his termination was pretextual and intended to mask the true reasons for Defendants' actions. (Am. Compl. at ¶ 41).

## IV. ARGUMENT

### A. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which

relief can be granted. Fed. R. Civ. P. 12(b)(6); <u>see also</u> <u>Hedges v. United States</u>, 404 F.3d 744, 750 (3d Cir. 2005). Pursuant to <u>Bell Atlantic Corporation v. Twombly</u>, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007). Furthermore, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of … [the] conduct.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 563 n.8). Likewise, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 234 (quoting <u>Twombly</u>, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556).

In <u>Ashcroft v. Iqbal</u>, the Supreme Court applied the <u>Twombly</u> standard, stating that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (citing <u>Twombly</u>, 550 U.S. at 570). The Supreme Court explained that deciding whether a "complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u>

After *Iqbal*, a two-part analysis is required when a district court evaluates a motion to dismiss for failure to state claim. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept

all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. (internal citations omitted; citing Iqbal, 129 S. Ct. at 1949). The Court explained, "[i]n other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts." Id. (citing Phillips, 515 F.3d at 234–35).

Applying these standards to the allegations in the Complaint, it is clear that Plaintiff has not stated a plausible claim for relief.

**B. COUNT I OF THE AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY**

Count I of the Amended Complaint, pursuant to 42 U.S.C. § 1983, purports to allege that Defendants violated Plaintiff's due process rights in violation of the Fourteenth Amendment of the United States Constitution, Article I Section 7 of the Delaware Constitution, and Law Enforcement Bill of Rights ("LEOBOR") codified in 11 *Del. C.* § 9200. Am. Compl. at ¶¶ 48-53.[2]

Plaintiff's Amended Complaint alleges that he was deprived a property interest. Am. Compl. at ¶¶ 6, 49. Plaintiff's Section 1983 claim alleges that he was deprived of his right to continued employment without due process when he was terminated while his hearing pursuant to LEOBOR was pending. Am. Compl. at ¶ 51. Count I of the Amended Complaint should be dismissed in its entirety as Plaintiff fails to state a claim for which relief can be granted.

**1. To The Extent Plaintiff Alleges A Federal Substantive Due Process Claim It Must Be Dismissed**

---

[2] The heading in Count I of the Amended Complaint states "Violation of 41 U.S.C. § 1983." Defendants understand this to be a clerical error in which Plaintiff's claims are brought under 42 U.S.C. § 1983.

To the extent that Plaintiff makes a substantive due process claim, Plaintiff's claim must be dismissed as a matter of law. Plaintiff fails to state a claim for deprivation of substantive due process because Plaintiff's interest in retaining a job is not encompassed within the Fourteenth Amendment's protection of property.  To successfully claim violation of substantive due process rights, "a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." Hill v. Borough of Kutztown, 455 F.3d 225, n. 12 (3d Cir. 2006)(citing Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 139-140 (3d Cir.)).

Consequently, "[w]hether a property interest is protected for purposes of substantive due process is a question that is not answered by reference to state law. Rather, for a property interest to be protected for purposes of *substantive due process*, it must be 'fundamental' under the United States Constitution." Id.  The Third Circuit has "explicitly held that public employment is not a fundamental right entitled to substantive due process protection." Id. See also Martinez v. Delaware Dep't of Homeland Sec./Div. of the State Police, 2019 U.S. Dist. LEXIS 42415 at *28, (D.Del. Mar. 15, 2019).

Thus any claim as it relates to substantive due process should be dismissed.

**2.      Plaintiff's Federal Procedural Due Process Claim Under 42 U.S.C. § 1983 Must Be Dismissed**

The Fourteenth Amendment provides in relevant part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1.[3]

---

[3] The Due Process Clause of the Delaware Constitution is substantively similar to the Due Process Clause of the United States Constitution. See Malachi v. Sosa, 2014 Del. Super. LEXIS 145, at *8 (Del. Super. Mar. 18, 2014); see also Helman v. State, 784 A.2d 1058, 1070 (Del. 2000)("This Court has previously determined that the due process clause of the Delaware Constitution has substantially the same meaning as the due process clause contained in its federal counterpart.").

Section 1983, is a "civil rights statute that allows a plaintiff to bring a suit in federal court for deprivation of *federal rights* by a state actor." <u>Bailey v. City of Wilmington</u>, 1997 U.S. Dist. LEXIS 18941, at *8-9 (D. Del. Nov. 19, 1997)(emphasis added).

First, Plaintiff cites to no case law or authority which suggests that a violation of LEOBOR, a Delaware state statute, generates a constitutional due process claim, particularly in light of the procedural avenues available." <u>Martinez v. Delaware Dep't of Homeland Sec./Div. of the State Police</u>, 2019 U.S. Dist. LEXIS 42415, at *31 (D.Del. Mar. 15, 2019). Therefore Count I of Plaintiff's Amended Complaint should be dismissed in its entirety as there was no deprivation of Plaintiff's federal rights.

When a plaintiff files suit "under section 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' *and* (2) the procedures available to him did not provide 'due process of law'." <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 233-34 (3d Cir. 2006)(citing <u>Alvin v. Suzuki</u>, 227 F.3d 107,116 (3d Cir. 2000))(emphasis added).

For an individual "to have a property interest, a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." <u>Martinez</u>, 2019 U.S. Dist. LEXIS 42415 at *29 (citing <u>Bd. Of Regents State Colleges v. Roth</u>, 408 U.S. 564 (1972)). Here, Plaintiff's bare allegations that he maintained a property interest in his continued employment with Milford is insufficient to state a claim and thus Plaintiff lacks a property interest sufficient to trigger due process concerns. Likewise, the existence of a CBA alone does not meet this threshold. <u>Martinez v. Delaware Dep't</u>

of Homeland Sec./Div. of the State Police, 2019 U.S. Dist. LEXIS 42415, at *28-29 (D.Del. Mar. 15, 2019).[4]

Second, assuming *arguendo* that Plaintiff maintained a property interest in his employment, Plaintiff has failed to allege the procedures available to him did not provide due process of law.

The exact process due is a matter of federal constitutional law. <u>McDaniels v. Flick</u>, 59 F.3d 446, 458 (3d Cir. 1995). It is essential that "notice and an opportunity to be heard must precede a deprivation of life, liberty, or property. Specifically, one must be given an opportunity for a hearing before he is deprived of any significant property interest." <u>Naples v. New Castle Cnty.</u>, 2015 Del. Super. LEXIS 161, at *15 (Del. Super. Mar. 30, 2015)(citing <u>Cleveland Bd. Of Educ. V. Loudermill</u>, 470 U.S. 532, 542 (1985)). Here, Plaintiff was provided with notice and the opportunity to be heard as it related to his Internal Affairs Investigation. Am. Compl. ¶¶ 23, 30, 31, 32.

Likewise, it is well established that in order "[t]o state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him . . .unless those process are unavailable or patently inadequate." <u>Alequine v. Baker,</u> 2011 U.S. Dist. LEXIS 38775, at *5 (D. Del. Apr. 11, 2011)(citing <u>Alvin v. Suzuki</u>, 227 F.3d 107, 116 (3d Cir, 2000)).

---

[4]<u>See</u> <u>contra.</u> <u>Smith v. Department of Pub. Safety</u>, 1999 Del. Super. LEXIS 458, at *17-18 (Del. Super, Oct. 26, 1999). In <u>Smith,</u> Judge Graves, in analyzing LEOBOR and property interest, stated that his reading of *Burge* indicates that LEOBOR creates a property interest in a police officer's status as a police officer and confers upon a police officer the right to notice and hearing before any disciplinary action that would terminate his pay. <u>Id.</u> However, the Court did not ultimately decide whether Plaintiff had a property interest sufficient to trigger the protection of due process because he was afforded the process due. <u>Id.</u> at *19-22. <u>See</u> <u>also</u> <u>Sturgess v. Negley</u>, 761 F.Supp.1089, 1095 (D. Del. 1991)(addressing 11 *Del. C.* § 9203 (1987) and termination for "just cause").

Plaintiff fails to state a claim for which relief can be granted because he failed to demonstrate that the processes were either unavailable or patently inadequate prior to filing suit. In fact, Plaintiff's claims demonstrate the opposite. Plaintiff concedes that he elected for a hearing to be scheduled (Am. Compl. ¶ 31) and he was subsequently offered notice and the opportunity for a hearing. (Am. Compl. ¶¶ 32-36). Pertinent to Plaintiff's claims is 11 *Del. C.* § 9203, which states:

> If a law-enforcement officer is: (1) suspended for any reason, or (2) charged with conduct alleged to violate the rules or regulations or general orders of the agency that employs the officer, or (3) charged with a breach of discipline of any kind, which charge could lead to any form of disciplinary action (other than a reprimand) which may become part of the officer's permanent personnel record, then that **officer shall be entitled to a hearing which shall be conducted in accordance with this chapter unless a contractual disciplinary grievance procedure executed by and between the agency and the bargaining unit of that officer is in effect, in which case the terms of that disciplinary grievance procedure shall take precedence and govern the conduct of the hearing**. (emphasis added).

Plaintiff, by his own concession admits the existence of a collective bargaining agreement ("CBA") governing the terms and conditions of his employment. The statute states that the "procedure executed by and between the agency and the bargaining unit of that officer is in effect, in which case the terms of that disciplinary grievance procedure shall take precedence and govern the conduct of the hearing." 11 *Del. C.* § 9203.

The Third Circuit has held that a "state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." <u>Alvin v. Suzuki</u>, 227 F.3d 107, 116 (3d Cir. 2000). Thus, "[i]f there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." <u>Id.</u>

Here, Plaintiff does not claim that there was either the absence of procedures under the Collective Bargaining Agreement ("CBA") to remedy his claims with the Defendants or that the procedures available to Plaintiff were inadequate and violative of due process. Likewise, Plaintiff was provided notice and the opportunity to be heard, and Plaintiff did not plead allegations to deduce that he took advantage of the process prior to filing this suit in federal court.

**3.      Defendants Enjoy Qualified Immunity From Plaintiff's Suit**

Plaintiff cannot assert a cause of action against Defendants Mayor Campbell or Chief Brown in their official capacities.

Defendant Mayor Arthur Campbell and Defendant Chief Brown are governmental officials who enjoy qualified immunity from suits such as this one. Under the doctrine of qualified immunity, government officials are immune not only from trial, but from suit altogether. See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993); Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982). Qualified immunity provides that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818.

When material facts are not in dispute, the district court may decide whether a government official has established the defense of qualified immunity as a matter of law. Anderson v. Creighton, 483 U.S. 635, 639, (1987). "In the Third Circuit, qualified immunity is 'broad in scope and protects all but the plainly incompetent or those who knowingly violate the law.'" Martinez, 2019 U.S. Dist. LEXIS 42415 at *31-32 (citing Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007)).

Qualified immunity depends upon the objective reasonableness of the official's conduct in light of clearly established law. Harlow, 457 U.S. at 819; see also Martinez, 2019 U.S. Dist. LEXIS

42415 at *32 ("A defendant is entitled to qualified immunity 'if reasonable officers could have believed their conduct was lawful in light of clearly established law").

In this case, the relevant inquiry is whether Defendants' conduct was objectively unreasonable in light of clearly established law which a reasonable official should have been aware. The qualified immunity defenses of Mayor Campbell and Chief Brown may be evaluated at this time on the basis of these pleadings. The first issue whether the constitutional rights these defendants are alleged to have violated are "clearly established." To be a "clearly established right," the Supreme Court has stated:

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has been previously held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

Anderson, 483 U.S. at 639. If the right was not "clearly established" at the time of the conduct, the inquiry need proceed no further and the official will be immune from personal liability for his or her discretionary actions, because the unlawfulness would not have been objectively apparent to a reasonable official.

If the right was sufficiently well-established that a reasonable official would have known of its existence, then the court must evaluate whether a reasonable official would have known that the specific conduct violated the clearly established right. See Crist v. Lewes, 1999 U.S. Dist. LEXIS 4391, at *10-13 (D. Del. Mar. 24, 1999). "It is not sufficient that the right at issue be clearly established as a general matter. Rather, the question is whether a reasonable public official would know that his or her specific conduct violated clearly established rights." Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3d Cir. 1996) (citing Anderson, 483 U.S. at 636-37).

Applying these standards to the facts of this case, even assuming that Plaintiff is invoking a clearly established right, the facts alleged in the Amended Complaint cannot overcome the assertion of qualified immunity by Defendants Mayor Campbell and Chief Brown.

In the context of this case, an official in the position of Chief Brown could reasonably believe that their conduct did not violate clearly established law. As the Amended Complaint concedes, Plaintiff's employment was subject to a union contract between the City of Milford and General Teamsters Local 326. Am. Compl. ¶ 10. Under this collective bargaining agreement, Plaintiff was placed on probationary status for a period of nine months as a new hire with a current Delaware Police Certification, and while on probationary status the employee **may be dismissed for reasons of performance during the probationary period**. Am. Compl. ¶¶ 11, 12 (emphasis added).

Plaintiff's probationary period was extended twice while he was employed with Milford Police Department. Am. Compl. ¶¶ 14, 15. Subsequently, Plaintiff claims that Chief Brown terminated Plaintiff on October 12, 2018 due to poor performance and repeated lapses in judgment while still on probation. Am. Compl. ¶ 37. Based on the facts alleged in the Amended Complaint, an official in the position of Chief Brown could reasonably believe that their conduct did not offend Plaintiff's right to due process as the agreement provided that Plaintiff could be dismissed for reasons of performance during the probationary period. Likewise, Plaintiff was afforded with notice and the opportunity to be heard as it related to the Internal Affairs Investigation. Am. Compl. at ¶¶ 17, 26, 31, 32, 36.

Similarly, there are no facts alleged in the Amended Complaint that indicate that Mayor Campbell was involved, in any aspect, in the suspension and/or termination of Plaintiff.

Specifically, the only allegations in the Amended Complaint that mention Mayor Campbell are the following:

> The City of Milford is municipality organized pursuant to title 22 of the Delaware Code and may be served through its chief executive, Mayor Arthur J. Campbell, at 201 South Walnut Street Milford, DE 19963. (Am. Compl. at ¶ 3).

> Defendant Mayor Arthur J. Campbell ("Mayor Campbell"), Mayor of the City of Milford, is named in his official capacity as Mayor and may be served at 201 South Walnut Street, Milford, DE 19963. (Am. Compl. at ¶ 4).

Accordingly, the Court should find that the Due Process right alleged to have been violated was not clearly established, and that Defendants reasonably believed that their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. For this reason Count I should be dismissed against Defendants.

### 4.     Defendant City of Milford is Immune from Plaintiff's Section 1983 Claim

Plaintiff alleges a Section 1983 claim not only against Defendants Chief Brown and Mayor Cambell, but also against the City of Milford, a municipality.

The Supreme Court in <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690 (1978), held that "municipal corporations can be held liable for constitutional violations brought under 1983." <u>Bailey v. City of Wilmington</u>, 1991 U.S. Dist. LEXIS 18941, at *9 (D. Del. Nov. 19, 1997). However, there is a "limitation on the scope of municipal liability" in that "municipal governments may be sued only for their own constitutional or illegal policies, **not for the acts of their employees under respondeat superior liability**." <u>Id.</u> at *10 (citing <u>Monell</u>, 436 U.S. at 691); <u>see</u> <u>also</u> <u>Jones v. City of Wilmington</u>, 299 F.Supp.2d 380, 390 (D. Del. 2004)("a municipality does not bear *respondeat superior* liability for the constitutional torts of its employees."). "Municipal liability attaches only 'when execution of a government's policy or custom, whether

made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury' complained of." <u>Jones</u>, 299 F.Supp.2d at 390 (citations omitted).

Here, Plaintiff's Amended Complaint clearly tries to impose section 1983 liability against the City of Milford under respondeat superior theory through its acts of employees. Am. Compl. at ¶¶ 9-37. As discussed above, a municipality cannot be held liable under such a theory.

### C. COUNT II AND COUNT III SHOULD BE DISMISSED IN THEIR ENTIRETY

Count II and Count III of Plaintiff's Amended Complaint should be dismissed because Plaintiff fails to state a claim upon which relief can be granted. Count II and Count III allege that Plaintiff's right to due process was violated. First, Plaintiff cites to no case law or authority which suggests that a violation of LEOBOR, a Delaware state statute, generates a constitutional due process claim, particularly in light of the procedural avenues available." <u>See</u> <u>Martinez v. Delaware Dep't of Homeland Sec./Div. of the State Police</u>, 2019 U.S. Dist. LEXIS 42415, at *31 (D.Del. Mar. 15, 2019). Therefore, on this basis alone, Count II and Count II of Plaintiff's Amended Complaint should be dismissed. However, as discussed below, Plaintiff did plead facts that allege he took advantage of the processes provided to him, and Plaintiff's Amended Complaint acknowledges that he was presented notice of the Internal Investigation as well as the opportunity to be heard.

### 1. Count II Of Plaintiff's Amended Complaint Should Be Dismissed For Failure To State A Claim For Which Relief Can Be Granted

Under Count II, Plaintiff contends that his due process rights were violated because (1) Defendants suspended Plaintiff without pay and without a hearing; and (2) failed to hold a hearing within three working days of the suspension to determine whether to continue the suspension. Am. Compl. ¶¶ 54-58.

First, "[n]ot all violations of LEOBOR . . . necessarily constitute a denial of due process." Smith v. Department of Pub. Safety, 1999 Del. Super. LEXIS 458, at *25 (Del. Super. Oct. 26, 1999). Plaintiff should be given "oral or written notice of the charges against him, and explanation of the employer's evidence, and an opportunity to present his side of the story." Id. at *24 (citing Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532, 546 (1985)).

Plaintiff's complaint demonstrates that he was given notice of the reason for his suspension and that a hearing was scheduled. Am. Compl. at ¶¶ 17, 23, 24, 25, 26, 31, 32. Plaintiff does not allege that Defendants failed to give him an explanation of the employer's evidence, nor failed to provide him with evidence as it relates to the Internal Investigation related to his alleged misconduct. Based on the above, Plaintiff's LEOBOR claim under Count II of the Amended Complaint does not amount to a violation of due process.

Alternatively, under LEOBOR, nothing in the statutory language states that an officer cannot be suspended without pay prior to a hearing. See 11 *Del. C.* § 9203. Rather, the language of the statute reads:

> If a law-enforcement officer **is**: (1) **suspended for any reason**, or (2) charged with **conduct alleged to violate the rules or regulations or general orders of the agency that employs** the officer, or (3) **charged with a breach of discipline of any kind, which charge could lead to any form of disciplinary action** (other than a reprimand) which may become part of the officer's permanent personnel record, then that **officer shall be entitled to a hearing** which shall be conducted in accordance with this chapter unless a contractual disciplinary grievance procedure executed by and between the agency and the bargaining unit of that officer is in effect, in which case the terms of that disciplinary grievance procedure shall take precedence and govern the conduct of the hearing. (emphasis added).

For the reasons stated above, Count II of Plaintiff's First Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**2.     Count III Of Plaintiff's Amended Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted**

Under Count III of Plaintiff's Amended Complaint, Plaintiff contends that Defendants violated Plaintiff's due process rights by terminating Plaintiff without a hearing. Am. Compl. at ¶¶ 59-62. As discussed above, "[n]ot all violations of LEOBOR . . . necessarily constitute a denial of due process." Smith, 1999 Del. Super. LEXIS 458, at *25. Plaintiff should be given "oral or written notice of the charges against him, and explanation of the employer's evidence, and an opportunity to present his side of the story." Id. at *24 (citing Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532, 546 (1985)).

Likewise, Plaintiff "must have taken advantage of the processes that are available to him or her before asserting a claim." Martinez, 2019 U.S. Dist. LEXIS 42415 at *29 (citing DeNinno v. Municipality of Penn Hills, 269 F. Appx. 153, 157 (3D Cir. 2008)). Here, as Plaintiff states, prior to his termination Plaintiff was provided notice of the investigation and reasons for the investigation, the potential punishments related to the charges, and the opportunity for a hearing. Am. Compl. at ¶¶ 17, 23, 24, 25, 26, 31, 32. Consequently, Plaintiff did not take advantage of such processes available to him before asserting this claim in federal court. Count III should be dismissed for failure to state a claim upon which relief can be granted.

### 3. Defendants Are Entitled To Qualified Immunity On Count II and Count III

Count II and Count III against Defendants should be dismissed because Defendants are entitled to qualified immunity.

Qualified immunity provides that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818. When material facts are not in dispute, the district court may decide whether a government official has established the defense of qualified immunity as a

matter of law. <u>Anderson v. Creighton</u>, 483 U.S. 635, 639, (1987). "In the Third Circuit, qualified immunity is 'broad in scope and protects all but the plainly incompetent or those who knowingly violate the law." <u>Martinez</u>, 2019 U.S. Dist. LEXIS 42415 at *31-32 (citing <u>Curley v. Klem</u>, 499 F.3d 199, 206 (3d Cir. 2007)).

Qualified immunity depends upon the objective reasonableness of the official's conduct in light of clearly established law. <u>Harlow</u>, 457 U.S. at 819; <u>see also</u> <u>Martinez</u>, 2019 U.S. Dist. LEXIS 42415 at *32 ("A defendant is entitled to qualified immunity 'if reasonable officers could have believed their conduct was lawful in light of clearly established law and the information searching officers possessed.").

Under Count II and Count III of the Amended Complaint, Plaintiff's requested relief is the issuance of a Writ of Mandamus, as well as back pay. To the extent that Plaintiff seeks civil damages against Defendant Chief Brown and Defendant Mayor Campbell, Defendants are entitled to qualified immunity.

## V.     CONCLUSION

For the reasons described above, Plaintiff has failed to state a claim under Section 1983 or the Delaware Law Enforcement Officer Bill of Rights    Defendants respectfully request that Plaintiff's Complaint be dismissed.

**MARGOLIS EDELSTEIN**

_/s/ Helene Episcopo_
Herbert W. Mondros, Esquire (DE #3308)
Helene Episcopo, Esquire (DE #6406)
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 888-1112– Telephone
(302) 888-1119 – Facsimile
hmondros@margolisedelstein.com
hepiscopo@margolisedelstein.com

_Attorneys for Defendants_

ADMITTED PRO HAC VICE

Michael Miller, Esq.
MARGOLIS EDELSTEIN
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19107


DATED:  June 26, 2019